IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, <br><br> Plaintiff, <br><br> v. <br><br> DENNY'S, INC., a Florida corporation, <br><br> Defendant. | Case No. 1:22-cv-6343 <br><br> Hon. |

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Denny's, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

1

4. Defendant Denny's, Inc. is a corporation with its registered office located at 208 S. LaSalle St., Suite 218, Chicago, IL 60604.

5. Upon information and belief, Defendant Denny's, Inc. owns and/or manages "Denny's" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during his visit (and prior to instituting this action) to Denny's.

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11. Plaintiff regularly travels to the Waukegan area to visit friends and shop. Plaintiff visited Waukegan, IL in September 2022, and plans to return in December 2022.

12. Plaintiff dines at restaurants when he is in the area.

13. Plaintiff does not always dine at the same restaurant, but prefers to shop around for the best menu, prices, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at restaurants due to his frequent travels.

15. While many restaurants advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit restaurants that offer the menu, pricing, and location he desires prior to dining to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that Denny's is accessible, Plaintiff encountered barriers to access at the Waukegan Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on September 28, 2022.

18. Plaintiff is currently deterred from considering the Facility as an option for dining on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

**COUNT I**
**REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
### REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Waukegan Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on September 28, 2022 at the Waukegan Facility located at 3890 Northpoint Blvd., Waukegan, IL 60085 that affected his disabilities:

   a. Men's Restroom
      i. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of sections 216, 216.2, 216.6, 216.8, 603,

4

703, 703.1, 703.2, 703.5 and 703.7.2.1 of the Standards, which requires Plaintiff to use a restroom that is not safe or walk further than necessary to locate an accessible restroom, which aggravates his leg, knee, and back injuries.

ii. Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of sections 605 and 605.2 of the Standards, which causes strain on Plaintiff's back and knee injuries by preventing him from using the wall or dividers to lean on because of the improper rim height.

iii. Failing to provide the correct opening width for a forward approach into a urinal in violation of sections 305, 305.7.1, 404, 605.3 and 606.2 of the Standards, which aggravates his back injury by requiring unnecessary turning and maneuvering to use the lavatory.

iv. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

v. Failing to provide paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's rotator cuff injury in his shoulder.

      vi. Failing to provide the correct height for a table surface or for a baby changing table, in violation of sections 902, 902.1, 902.2, 902.3, and 4.32.4 of the Standards, which causes undue strain on Plaintiff's back.

b. Men's Restroom Stall

      i. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to his back and leg injuries.

      ii. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that a person with a disability can reach it in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries to use the dispenser.

      iii. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which causes undue strain on Plaintiff's back and shoulder injuries.

      iv. Failing to provide the proper spacing between a grab bar and toilet paper dispenser in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the bar for assistance and causes undue strain on Plaintiff's back injury.

      v. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates his rotator cuff injury in his shoulder.

      vi. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

      vii. Failing to provide grab bars of proper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

c. Disabled Parking Sign

      i. Failing to provide sign(s) for disabled parking at the correct height in violation of sections 502 and 502.6 of the Standards, which prevents Plaintiff from locating the disabled parking and causes Plaintiff to park in a non-disabled parking area and walk further than necessary, which aggravates his leg, knee, and back injuries.

d. Pathway to Restaurant

7

      i. Failing to provide pathways and surfaces that are even in violation of sections 206, 206.1, 206.2, 206.2.2, 303 and 403.4 of the Standards, which aggravates Plaintiff's back and leg injuries and makes it unsafe for him to use.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

  A. declare that the Facility identified in this Complaint is in violation of the ADA;

  B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

  C. enter an Order requiring Defendant to make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

  D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

  E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

  F. grant any other such relief as the Court deems just and proper.

          Respectfully submitted,

          CASS LAW GROUP, P.C.

          /s/ Angela C. Spears
          Angela C. Spears (IL Bar #: 6327770)
          CASS LAW GROUP, P.C.
          20015 S. LaGrange Rd #1098
          Frankfort, IL 60423
          T: (833) 343-6743
          F: (855) 744-4419
          E: aspears@casslawgroup.com
          *Counsel for Plaintiff*

Dated: November 14, 2022